Tim Quenelle, OSB #934000
tim.quenelle@gmail.com
Tim Quenelle, PC
4800 Meadows Suite 300
Lake Oswego, Oregon 97035
Telephone: (503) 675-4330
Facsimile: (503) 675-4331
Of attorneys for plaintiff

Timothy C. Bennett, OSB #932112
timbenn@gmail.com
Timothy Bennett, PC
4800 Meadows Suite 334
Lake Oswego, Oregon 97035
Telephone: (503) 534-3554
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MIL-RAY, INC. an Oregon corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>EVP INTERNATIONAL, LLC, an Ohio limited liability company,<br><br>        Defendant. | Case No. 3:19-cv-00944-YY<br><br>**PLAINTIFF'S MOTION TO MAKE MORE DEFINITE AND CERTAIN OR TO STRIKE OR TO DISMISS**<br><br>(Oral Argument Requested) |

**LOCAL RULE 7-1 CERTIFICATION**

Under LR 7-1(a), counsel for Plaintiff hereby certifies that they and opposing counsel for Defendant conferred in good faith, initially by email and subsequently by telephone conversation on August 28, 2020, but were unable to resolve this dispute.

1 **PLAINTIFF'S MOTION TO MAKE MORE DEFINITE AND CERTAIN OR TO STRIKE OR TO DISMISS**

## Motion for a More Definite Statement, or to Strike, or to Dismiss

Plaintiff seeks an order from this court that requires Defendant to make allegations in its Amended Answer and Counterclaims more detailed and specific. If Defendant cannot or will not do so, then Plaintiff alternatively seeks an order dismissing or striking certain claims and allegations. While Plaintiff generally understands that Defendant is making a claim for breach of contract and has claimed widespread "breaches," there is a paucity of alleged facts linking causation and damages to conduct alleged as breaches that makes the requisite responsive pleading exceedingly broad and impossible to understand how the conduct alleged caused defendant damages. Alternatively, to the extent that Defendant cannot or will not add facts relevant to materiality, causation and damages, then Plaintiff moves to strike or dismiss certain allegations that are irrelevant or redundant.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for [a more] definite statement are disfavored and are 'proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.'" *Ramos v. U.S. Bank Nat'l Ass'n*, No 08-cv-1150-PK, 2009 WL 1475023, at *7 (D. Or. May 20, 2009) (citation omitted). "A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009). "Where the detail sought is available through discovery, the motion should be denied." *Obsidian Fin. Grp., LLC v. Crystal Cox*, No. 11-00057-HZ, 2011 WL 13253340, at *1 (D. Or. May 19, 2011) (citation omitted).

Although Defendant has quoted several provisions of the ICA, and further alleged that Plaintiff has breached some of those quoted provisions, Defendant has failed to allege materiality, causation, and damages sufficiently to understand its claim.

### 1. Required Elements for Breach of Contract

Under Oregon law, to state a claim for a breach of contract a party "must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Arnett v. Bank of America*, N.A., 874 F Supp 2d 1021, 1029 (D Or 2012). The elements are similar in Ohio. To recover upon a breach-of-contract claim, a plaintiff must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Powell v. Grant Med. Ctr*. (2002), 148 Ohio App 3d 1, 10, 771 NE 2d 874, *quoting Nilavar v. Osborn* (2000), 137 Ohio App 3d 469, 483, 738 NE 2d 1271. *See, also, Doner v. Snapp* (1994), 98 Ohio App 3d 597, 600, 649 NE 2d 42.

Under the law of Oregon or Ohio, Defendant must present some allegation of both causation and damages as a result of any alleged breach. "Damage is an essential element of any breach of contract action." *Moini v. Hewes*, 93 Or App 598 (1988); *Hansen v. Gov't Emps. Ins. Co.* (9th Cir. 2019). Defendant has not done so. Damages for breach of contract cannot be recovered if they are too speculative. *Bixler v. First National Bank*, 49 Or App 195, 202 (1980) (court reversed award of damages for lost profits because plaintiff had not presented any evidence of cost of planting, growing, harvesting, or hauling oat crop). Damages are not recoverable for loss that cannot be proved with reasonable certainty.

### 2. Defendant's Pleading Deficiencies

While Defendant has cited to the ICA and alleged Plaintiff has breached those provisions, only allegations related to Walmart contain any reference to causation or damages such that Plaintiff may respond through discovery. The same is not true regarding the other alleged breaches.

More specifically, and beginning at Page 13:

A. Paragraphs 25 and 27 allege that Plaintiff breached its contract by failing to list a "Potential Customer" as compared with a "Customer" under the ICA. Defendant does not identify the difference between those two terms, nor does Defendant identify any section of the ICA that does. Nor is it clear how Plaintiff's failure to place Home Depot on a list of Potential Customers caused any damage to Defendant rather than Plaintiff. According to Defendant, Plaintiff has apparently forfeited its right to commissions and the money that Defendant saved through Plaintiff's alleged breach caused it to gain money, not lose money. Defendant should be required to allege facts showing how it was financially damaged as a result of keeping an extra $2.3 million dollars in commissions that were previously earmarked for Plaintiff but not payable because Plaintiff allegedly failed to put Home Depot on a "list"of "Potential Customers."

B. Pagraraphs 28 and 29 allege that Plaintiff breached the ICA by seeking Home Depot commissions, and by filing this lawsuit. Defendant fails to identify any provision(s) in the ICA that prohibited Plaintiff from seeking legal redress for this dispute. Further, such a provision would likely violate public policy. Defendant should withdraw this allegation of "breach" or the court should strike it.

C. Paragraph 30 alleges that Plaintiff was required to provide advance notice of this lawsuit pursuant to the ICA. The ICA states only that Plaintiff would provide notice of any

"threatened or pending" litigation. Defendant fired Plaintiff, then promised to provide a new contract that would provide Plaintiff with at least a "finders' fee" for the Home Depot account, then refused to provide any such new contract, then disavowed any further payments to Plaintiff under the ICA. Plaintiff filed suit and emailed a copy of the lawsuit to Defendant within a day. It is not clear from Defendant's allegations how, exactly, Plaintiff breached the ICA when it provided a copy of the "pending litigation" that is specifically required by the ICA. Defendant should withdraw this allegation of "breach" or the court should strike it.

      D. Paragraphs 31 and 32 allege that Plaintiff is in breach of the ICA as a result of seeking Home Depot and Walmart commissions in this lawsuit. Again, no provision of the ICA prevents Plaintiff from seeking legal redress. And the ICA only states that Plaintiff "may" refer a "Potential Customer" to Defendant in writing and receive commissions if Defendant enters into business with the "Potential Customer" within a year after the sales representative is fired or quits. The ICA does not contain a prohibition on Plaintiff's attempts to secure money that is legally owed to Plaintiff. Defendant should withdraw this allegation of "breach" or the court should strike it.

      E. Paragraphs 33 - 35, 40 - 44, are conclusory and they contain no allegation of a causal connection between the conclusory alleged breach of contract and any type of damages. If Defendant believes it lost business as a result of something that Plaintiff did, then Defendant must identify the particular event that led to that alleged loss including but not limited to the account that it lost, the amount of that loss, and some causal connection between the alleged breach and the loss of the account.

F.  Paragraph 36 is a pure legal conclusion and devoid of any facts. Defendant should lnk how this factually devoid paragraph relates to its breach of contract allegations or the court should strike it.

G.  Paragraph 37 is also conclusory and makes no causal connection between the alleged breach and any alleged damages. Defendant should withdraw the allegations in this paragraph, or connect how this paragraph relates to its breach of contract allegations including how it caused it damages or the court should strike it.

H.  Paragraph 45 is a conclusion and fails to identify a breach of any ICA by Plaintiff. Defendant should withdraw the allegations in this paragraph, or connect how this paragraph relates to its breach of contract allegations including how it caused it damages or the court should strike it.

I. Paragraph 47 and 48 misstates the operative complaint in that Plaintiff is not seeking to recover travel expenses as an item of damages in this lawsuit.

J.  Paragraph 51 contains a conclusion related to the Home Depot house account but is devoid of any further necessary allegations.  This paragraph fails to allege any causal connection between the alleged breach and any alleged damages.  Paragraphs 54, 55, 57, 58, 59 suffer from this same defect. Defendant should withdraw the allegations in these paragraphs, or connect how these paragraphs relate to its breach of contract allegations including how it caused it damages or the court should strike them.

K.  Paragraphs 63 - 69, 71 are conclusory.  These paragraphs fail to allege any causal connection between the alleged breach and any alleged damages. Defendant should withdraw the allegations in these paragraphs, or connect how these paragraphs relate to its breach of contract allegations including how it caused it damages or the court should strike them.

L. Paragraph 73 alleges that its legal fees are items of damages from alleged breaches of the ICA. In general, legal fees are not legally recoverable damages except in certain cases of legal malpractice. Further, the allegation of breach relates to the forum selection clause which will be determined by this court. Because that forum selection clause may be waived, or held invalid, that decision is vested in the courts, not a single party and cannot form the basis of an allegation of breach of contract. Defendant should withdraw this allegation of "breach" or the court should strike it.

## CONCLUSION

Defendant's contract counterclaims are missing essential allegations as to causation and damages. Plaintiff cannot understand nor adequately respond to those insufficient allegations without more facts and Defendant should be ordered to supply those facts. Or, the Court should strike the allegations which are not connected to an alleged material breach of contract causing it damages, or dismiss the claim.

DATED this 25th day of September, 2020.

By:_ s/Timothy C. Bennett
Timothy C. Bennett, OSB #932112
Timothy Bennett, PC
4800 Meadows Rd Suite 334
Lake Oswego, Oregon 97035
Telephone: (503) 534-3554
timbenn@gmail.com

Of Attorneys for Plaintiff