UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MIL-RAY, an Oregon corporation,

        Plaintiff/Counter-Defendant

v.

EVP INTERNATIONAL, LLC, an Ohio limited liability company,

        Defendant/Counter-Claimant.

Case No. 3:19-cv-00944-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff/counter-defendant Mil-Ray has filed a Motion to Make More Definite and Certain, or to Strike, or to Dismiss (ECF 106). The motion is DENIED for the reasons discussed below.

**I.    Motions to Strike and to Dismiss**

A motion to strike implicates Rule 12(f), and a motion to dismiss implicates 12(b)(6). These rules establish different standards and require independent analysis. The moving party bears the burden of showing it is entitled to relief under either of these rules. *See Menchu v. Multnomah Cnty. Health Dep't*, No. 3:20-CV-00559-AC, 2021 WL 2450780, at *5 (D. Or. May 3, 2021), *findings and recommendation adopted*, 2021 WL 2446173 (D. Or. June 14, 2021)

(Rule 12(f)); *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) (noting consensus among federal courts that "Federal Rule 12(b)(6) places th[e] burden [of persuasion] on the moving party").

Plaintiff does not attempt to identify or apply the correct legal standards for these rules, and has failed to meet its burden. Therefore, the motions to strike and dismiss are denied.

## II. Motion for More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Motions for a more definite statement are generally disfavored, left to the district court's discretion, and rarely granted. *See Barnes v. Olive*, No. 2:15-cv-00520-HZ, 2015 WL 5813193, at *2 (D. Or. Sept. 30, 2015); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002); *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Such a motion is "proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Brooks v. Clyne*, 3:19-CV-02085-HZ, 2021 WL 359733, at *13 (D. Or. Jan. 31, 2021) (quoting *Adobe Sys. Inc. v. Software Speedy*, No. C–14–2152 EMC, 2014 WL 7186682, at *5 (N.D. Cal. Dec. 16, 2014)).

Further, a motion for a more definite statement "must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009). Rule 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Alt. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting FED. R. CIV. P. 8(a)(2)). "Where the detail sought is available through

discovery, the motion should be denied." *Obsidian Fin. Grp., LLC v. Crystal Cox*, No. 11-00057-HZ, 2011 WL 13253340, at *1 (D. Or. May 19, 2011) (citation omitted).

Here, plaintiff admits that it "generally understands that EVP is asserting a claim for breach of contract" but contends the counterclaim alleges insufficient facts to allow plaintiff to make a non-speculative responsive pleading. Mot. 2, ECF 106. However, plaintiff also admits that it has received responses to interrogatories that "reveal a level of sufficient detail." *Id.* Still, plaintiff seeks an order requiring defendant to "harmonize" the counterclaim with its interrogatory responses. *Id.*

The Federal Rules of Civil Procedure do not require "harmony" between pleadings and discovery responses. Plaintiff admits that it is receiving the detail it seeks through discovery. This ends the inquiry. *See Obsidian Financial*, 2011 WL 13253340, at *1. The motion to make more definite and certain is therefore denied.

## ORDER

Plaintiff's Motion to Make More Definite and Certain, or to Strike, or to Dismiss (ECF 106) is DENIED.

DATED July 8, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge